UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIMMIE DARNELL DIXON     CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.     NO. 15-45-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 13, 2017.

                                       RICHARD L. BOURGEOIS, JR.
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JIMMIE DARNELL DIXON**                                              **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                                 **NO. 15-45-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The State has filed an opposition to the petitioner's application, the petitioner has filed a response.  See R. Docs. 7, 8, 9, 14, and 15.  There is no need for oral argument or for an evidentiary hearing.

On or about January 28, 2015, the *pro se* petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2007 criminal conviction and sentence, entered in 2008, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two counts of attempted first degree murder and two counts of second degree kidnapping. The petitioner attacks his conviction on the grounds that the verdict was not unanimous as required by state law, sufficiency of the evidence, and ineffective assistance of counsel.

### Procedural History

On August 25, 2007, the petitioner was found guilty of two counts of attempted first degree murder, and two counts of second-degree kidnapping.  On January 29, 2008, the petitioner was sentenced to a total of one hundred and ten (110) years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  The petitioner thereafter filed an appeal, and on

December 23, 2008 his conviction and sentence were affirmed by the Louisiana First Circuit Court of Appeal. *See State v. Dixon,* 08-1038 (La. App. 1 Cir. 12/23/08), 2008 WL 6819594. More than thirty days thereafter, on January 26, 2009, the petitioner filed an application for supervisory writs with the Louisiana Supreme Court, which was denied on October 30, 2009. *See State v. Dixon,* 09-0189 (La. 10/30/09), 21 So.3d 275.

On or about September 30, 2010, the petitioner filed an application for post-conviction relief ("PCR"), asserting numerous claims. After the filing of motions and various procedural objections, the trial court denied the petitioner's PCR application on August 23, 2013. The petitioner's writ applications seeking review were denied by the appellate court and by the Louisiana Supreme Court, on February 18, 2014 and November 14, 2014, respectively. On or about January 29, 2015, the petitioner filed the present application.

**Applicable Law and Analysis**

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered

"properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Court finds that the petitioner's conviction became final on January 22, 2009, thirty (30) days after the December 23, 2008 decision of the Louisiana First Circuit Court of Appeal on direct appeal. Specifically, the conviction became final when the petitioner failed to timely file his application for supervisory review in the Louisiana Supreme Court. In 2009, Louisiana Supreme Court Rule X, § 5(d) read as follows:

> An application properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing. If the application is received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that it was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. For the purpose of this rule, the term "by mail" applies only to the United States Postal Service.
>
> Applications forwarded by private delivery or courier service shall be deemed timely filed only if received by the clerk on or before the last day of the delay for filing."

The petitioner's writ application was mailed via private courier on January 22, 2009. The application was not received by the Louisiana Supreme Court until January 26, 2009, four days after the last day to file an application in accordance with Louisiana Supreme Court Rule X, §

5(a). Accordingly, the application cannot be deemed timely filed as it was not received by the clerk on or before the last day of the delay for filing.[1]

In contrast to an untimely writ application filed before the intermediate appellate court, which has been held, pursuant to *Melancon v. Kaylo*, *supra*, to be "properly filed" and "pending," even though untimely, because it requires "some level of judicial review," an untimely writ application before the Louisiana Supreme Court is not subject to such review. *See* Louisiana Supreme Court Rule X, § 5(a). This Rule provides that a writ application before that Court, "shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal" and, further, that "[n]o extension of time therefor will be granted." As a result, the filing of an untimely writ application before the Louisiana Supreme Court does not toll the limitations period because it is not seen to be "properly filed" and is therefore not "pending" before that Court. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000) (finding that no exceptions and no examination are contemplated by Louisiana Supreme Court Rule X § 5(a) and, therefore, that compliance with the time requirement is necessary for a prisoner's application for post-conviction relief to be considered "properly filed" and "pending" under section 2244(d)(2)). *See also Jenkins v. Cooper*, 2009 WL 1870874, *5 (E.D. La., June 26, 2009) (holding that a petitioner does not benefit from any statutory tolling for an untimely writ application filed in the Louisiana Supreme Court because "[a] writ application which fails to comply with La. S.Ct. Rule X § 5(a) is not properly filed because it is untimely, and it is not pending post-conviction review for purposes of the ... statute of limitations and tolling doctrines"). Accordingly, the pendency of the petitioner's untimely writ application in the Louisiana Supreme Court never interrupted the running of the limitations period. *Williams v. Cain*, *supra*. Thus, this Court is required to count

---

[1] The petitioner's writ application was filed by counsel; therefore, the prison mailbox rule, pertaining to *pro se* prisoner pleadings, is not applicable.

against the time clock the period between January 22, 2009, the last day allowed to the petitioner to seek timely review in the Louisiana Supreme Court, and September 30, 2010, the date of filing of the petitioner's PCR application.  This results in a finding that 616 days of un-tolled time elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts.

Accordingly, inasmuch as the petitioner's direct appeal proceedings were concluded on January 22, 2009, the one-year limitations period for filing a federal habeas corpus application began to run on that date.  Nearly twenty months (616 days) passed between the time the petitioner's conviction became final and the filing of the petitioners' PCR application in the state trial court.  Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling.  To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law.  *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).  The petitioner has made no such showing in this case.  Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional

circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012), *cert. denied,* ⸺ U.S. ⸺, 133 S.Ct. 1633 (2013). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitably tolling can be applied. In this matter, counsel for petitioner missed a filing deadline. The Supreme Court has

previously held that "a garden variety claim of excusable neglect," *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990), such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence v. Florida,* 549 U.S. 327, 336 (2007), does not warrant equitable tolling.

Finally, a claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schhip v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schhip v. Delo, supra,* 513 U.S. at 324. In the instant proceeding, the petitioner has presented no such claim. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 13, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**