## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JIMMIE DARNELL DIXON

CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.

15-45-SDD-RLB

### RULING

This matter comes before the Court on the Plaintiff's *Application for Certificate of Appealability*,[1] which the Court interprets to be a *Motion for Relief from Judgment* brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  This Motion shall be granted.

Pursuant to *Judgment*[2] dated March 3, 2017, the above-captioned proceeding was dismissed without prejudice as untimely for the following reasons:

"In 2009, Louisiana Supreme Court Rule X, § 5(d) read as follows:

> An application properly mailed shall be deemed timely filed if mailed on or before the last day of the delay for filing.  If the application is received by mail on the first legal day following the expiration of the delay, there shall be a rebuttable presumption that it was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof. For the purpose of this rule, the term "by mail" applies only to the United States Postal Service.

> Applications forwarded by private delivery or courier service shall be deemed timely filed only if received by the clerk on or before the last day of the delay for filing."

---

[1] Rec. Doc. 24.
[2] Rec. Doc. 21.

The Petitioner's writ application was mailed via private courier on January 22, 2009.  The application was not received by the Louisiana Supreme Court until January 26, 2009, four days after the last day to file an application in accordance with Louisiana Supreme Court Rule X, § 5(a).  Accordingly, the application cannot be deemed timely filed as it was not received by the clerk "on or before the last day of the delay for filing."[3]

The Plaintiff has now provided with his *Notice of Appeal*[4] a copy of the envelope used to mail his application, which according to the markings on the envelope, appears to have been mailed on January 22, 2009 via the United States Postal Service.[5]    As such, it appears that the Plaintiff's application was timely filed with the Louisiana Supreme Court.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned; or (6) any other reason that justifies such relief.  Given the foregoing, the Plaintiff is entitled to relief from the *Judgment* dismissing his action, pursuant to Rule 60(b)(1).  Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Relief from Judgment*[6] is GRANTED**.**

---

[3] *See* Rec. Doc. 18.
[4] Rec. Doc. 23.
[5] *See* Rec. Doc. 23-1.
[6] Rec. Doc. 24.

**IT IS FURTHER ORDERED** that the Court's *Ruling*[7] and *Judgment*,[8] dismissing the Plaintiff's action, be and are hereby VACATED AND WITHDRAWN.

**IT IS FURTHER ORDERED** that the Plaintiff's *Motion to Amend*[9] and *Motion for Leave to Appeal in Forma Pauperis*[10] are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this matter shall be referred back to the Magistrate Judge for further review.

Baton Rouge, Louisiana the 27 day of March, 2017.

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] Rec. Doc. 20.
[8] Rec. Doc. 21.
[9] Rec. Doc. 22.
[10] Rec. Doc. 25.